IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| TERRANCE FLETCHER, | § | |
| Institutional ID No. 69033, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 1:20-CV-00261-BU |
| v. | § | |
| | § | |
| TAYLOR COUNTY JAIL, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff TERRANCE FLETCHER, proceeding pro se, filed this civil action under 42 U.S.C. § 1983 on December 14, 2020. Dkt. No. 1. Fletcher, a pretrial detainee at the time of his lawsuit, alleged that Taylor County Jail officials failed to properly quarantine new inmates, causing Fletcher to contract the COVID-19 virus. *Id*. at 4. The Court granted Fletcher leave to proceed *in forma pauperis*, which subjects his complaint to the Court's preliminary screening measures under 28 U.S.C. § 1915(e)(2). *See* Dkt. No. 5. This case was transferred to the docket of the undersigned on December 17, 2020, for purposes of conducting the preliminary screening. Dkt. No. 6.

To aid in the factual development of his claims, the undersigned ordered Fletcher to complete a Magistrate Judge's Questionnaire. Dkt. No. 10. When Fletcher failed to timely respond to the questionnaire, the undersigned enter a Show Cause Order requiring Fletcher to explain why he failed to respond. Dkt. No. 12. Fletcher failed to respond to the Show Cause Order. Fletcher did file a letter seeking clarification on the Court's Order for

1

Authenticated Records. Dkt. No. 13. Liberally construing Fletcher's letter as expression of confusion regarding the Court's orders, the undersigned entered a second order for Fletcher to complete the questionnaire and again forwarded the questionnaire to Fletcher. Dkt. No. 14. Fletcher responded to the second questionnaire. Dkt. No. 15.

Fletcher has not consented to proceed before the undersigned. The most recent Notice of Availability of Magistrate Judge to Exercise Jurisdiction was returned from Taylor County Jail as undeliverable and without a forwarding address. *See* Dkt. No. 17.

Federal Rule of Civil Procedure 41(b) allows a court to *sua sponte* dismiss an action "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules or any court order. Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order." (citing Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))).

Dismissal under Rule 41(b) may be with or without prejudice, although a dismissal with prejudice for want of prosecution is an extreme sanction that should be used only when a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996).

Dismissal without prejudice under Rule 41(b) is appropriate here. While Fletcher has not shown purposeful delay or contumaciousness, he has failed to respond to two orders of the Court—Dkt. Nos. 10, 12—and has failed to maintain a current address with the Court despite repeated admonishments to do so. *See* Dkt. Nos. 3, 5, 10, 14. Fletcher's failure to maintain a current address with the Court contravenes instructions provided in the Court's previous orders and this case. In the Instructions to a Prisoner *Pro Se* Plaintiff, Fletcher was admonished that he "must notify the Court if your address changes, or your case may be dismissed. Promptly file a written change of address notice in your case." Dkt. No. 3 at 1. And in the Order granting Fletcher leave to proceed in forma pauperis, he was again admonished that he must "promptly notify the Court of any change of address by filing a written notice of change of address with the Clerk. Failure to file such notice may result in this case being dismissed for want of prosecution." Dkt. No. 5 at 2. And in both the first and second Magistrate Judge's Questionnaire, the Court ordered Fletcher "to immediately notify the Court of any change of his address by filing a document captioned "NOTICE OF CHANGE OF ADDRESS." Dkt. Nos. 10 at 1; 14 at 2. Despite receiving these instructions in four separate Court orders, Fletcher has not provided an updated address. The Court is not required to delay the disposition of this case until such time as Fletcher complies with the Court's previous instructions and orders.

Therefore, the undersigned RECOMMENDS that Fletcher's Complaint and all claims alleged therein should be DISMISSED without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for want of prosecution and failure to follow this Court's

previous orders and instructions. *See* Fed. R. Civ. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits, unless otherwise specified").

### RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dismissal of these claims does not release Fletcher from the obligation to pay any filing fee previously imposed. 28 U.S.C. § 1915(b)(1); *see also Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

### TRANSFER OF CASE

The undersigned ORDERS that this case be TRANSFERRED back to the docket of the United States District Judge and designated as Civil Action No. 1:20-CV-00261-H.

4

ORDERED this 21st day of April, 2022.

                                                  _____
                                                  JOHN R. PARKER
                                                  UNITED STATES MAGISTRATE JUDGE

5